Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Chelsea Renee Eighner**
**Andrew Michael Caldwell**

Case No. **23-50075**
CHAPTER 13 PLAN ☑ Modified
Dated: **May 8, 2023**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $___.

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $600.00 | 03/2023 (2 months) | 04/2023 | $1,200.00 |
| $1,500.00 | 05/2023 (10 months) | 02/2024 | $15,000.00 |
| $2,500.00 | 03/2024 (12 months) | 02/2025 | $30,000.00 |
| $3,500.00 | 03/2025 (12 months) | 02/2026 | $42,000.00 |
| $4,500.00 | 03/2026 (12 months) | 02/2027 | $54,000.00 |
| $4,412.00 | 03/2027 (12 months) | 02/2028 | $52,944.00 |
| | | TOTAL: | $195,144.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee __**NONE**__.
2.5 The debtor will pay the trustee a total of $__**195,144.00**__ [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $__**19,514.40**__ [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Freedom Road Financial** | **2018 Articat Altera 700 ATV** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Midland Mortgage Co | $12,215.82 | Pro Rata | 03/2023 | Pro Rata | $12,215.82 | $0.00 | $12,215.82 |
|  |  |  |  |  |  |  | TOTAL | $12,215.82 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

|  | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  | ☐ |  |  |  |  |  |  |
|  | -NONE- |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | Bridgecrest Acceptance Corp | $19,317.02 | 8.50 | ✔ | 03/2023 | $193.00 | 3 | $579.00 | $0.00 | $23,779.00 |
|  |  |  |  |  | 06/2023 | $414.29 | 56 | $23,200.00 |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
| 9.2 | Global Lending Services LLC | $14,343.46 | 8.50 | ✔ | 03/2023 | $145.00 | 3 | $435.00 | $0.00 | $17,657.00 |
|  |  |  |  |  | 06/2023 | $307.54 | 56 | $17,222.00 |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $41,436.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|      | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|------|----------|--------------|---------------------|-----------------|---------------|--------------------|------------------------------------------------|-----------------|
| 10.1 | Attorney Fees | $3,500.00 | 03/2023 | $437.50 | 8 | $3,500.00 | $0.00 | $3,500.00 |
| 10.2 | Internal Revenue Service | $7,543.00 | 03/2023 | Pro Rata | Pro Rata | $7,543.00 | $0.00 | $7,543.00 |
| 10.3 | MN Dept of Revenue | $240.00 | 03/2023 | Pro Rata | Pro Rata | $240.00 | $0.00 | $240.00 |
|      |          |              |                     |                 |               |                    | TOTAL | $11,283.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|----------|--------------|----------------------|-----------------|---------------|--------------------|------------------------------------------------|-----------------|
| -NONE-   |              |                      |                 |               |                    |                                                |                 |
|          |              |                      |                 |               |                    | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|---------------------------|------------------------|----------------------|-----------------|---------------|------------------|------------------------------------------------|------------------|
| -NONE-   |                           |                        |                      |                 |               |                  |                                                |                  |
|          |                           |                        |                      |                 |               |                  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **110,694.78** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **66,872.20** .

13.3    Total estimated unsecured claims are $ **66,872.20** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|----------|-------------------------------------------------------------------------------|
| -NONE-   |                                                                               |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | *The plan is a step plan which will pay as follows:  $600.00 Monthly for 2 months, then $1,500.00 Monthly for 10 months, then $2,500.00 Monthly for 12 months, then $3,500.00 Monthly for 12 months, then $4,500.00 Monthly for 12 months, then $4,412.00 Monthly for 12 months |
|---|---|
| 16.2 | This is a 100% plan. Allowed general unsecured non-priority claims shall be paid in full.<br><br>The Debtors shall provide the trustee with copies of any pay stubs that reflect a bonus. Debtors shall turnover net bonuses to the trustee within 10 days of receipt.<br><br>A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtors for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.<br><br>The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.<br><br>APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.<br><br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.<br><br>All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments. |
| 16.3 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **19,514.40** |
| Home mortgages in default [Part 6] | $ | **12,215.82** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **41,436.00** |
| Priority Claims [Part 10] | $ | **11,283.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **110,694.78** |
| TOTAL (must equal line 2.5) | $ | **195,144.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Amanda M. Rosback**
        **Amanda M. Rosback 0399772**
        Attorney for debtor

Signed: **/s/ Chelsea Renee Eighner**
        **Chelsea Renee Eighner**
        Debtor 1

Signed: **/s/ Andrew Michael Caldwell**
        **Andrew Michael Caldwell**
        Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Chelsea Renee Eighner
         Andrew Michael Caldwell

Case No. 23-50075

Debtors.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on June 21, 2023 at 9:15 a.m. The hearing will be held telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_13_duluth@mnb.uscourts.gov or by telephone at (218) 529-3601 to obtain the telephonic information.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 8th day of May, 2023.

LIFE BACK LAW FIRM, P.A.

/e/   AMANDA M. ROSBACK #0399772
Attorney for Debtors
13 Seventh Avenue South
St. Cloud, Minnesota 56301
(320) 252-0330
amanda@lifebacklaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Chelsea Renee Eighner
       Andrew Michael Caldwell

Case No. 23-50075

Debtors.

## UNSWORN CERTIFICATE OF SERVICE

    I, Samantha M. Googins, declare under penalty of perjury that on May 8, 2023, I caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan and Amended Schedules via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: May 8, 2023                                                  /e Samantha M. Googins
                                                                                                    Samantha M. Googins
                                                                                                    LifeBack Law Firm, P.A.

```
Label Matrix for local noticing          MidFirst Bank                             Duluth
0864-5                                   999 NW Grand Boulevard                    404 Gerald W. Heaney Federal Building
Case 23-50075                            Oklahoma City, OK 73118-6051              and U.S. Courthouse and Customhouse
District of Minnesota                                                              515 West First Street
Duluth                                                                             Duluth, MN 55802-1302
Thu May  4 08:29:04 CDT 2023

ADVANTAGE COLLECTION PROFESSIONALS       Advantage Collection Professionals        Brandon S. Lefkowitz
PO BOX 353                               Attn: Bankruptcy                          29777 Telegraph Road, Suite 2440
CAMBRIDGE, MN 55008-0353                 Po Box 353                                Southfield, MI 48034-7667
                                         Cambridge MN 55008-0353


Bridgecrest Acceptance Corp              Bridgecrest Acceptance Corporation        Capital Community Bank
7300 East Hampton Avenue                 AIS Portfolio Services, LLC               c/o Opportunity Financial, LLC
Suite 100                                4515 N Santa Fe Ave. Dept. APS            130 E. Randolph Street, Suite 3400
Mesa AZ 85209-3324                       Oklahoma City, OK 73118-7901              Chicago, IL 60601-6379


Capital One                              Capital One N.A.                          Carvana, LLC / Bridgecrest c/o AIS Portfolio
Attn: Bnakruptcy                         by American InfoSource as agent           PO Box 4138
P.O. Box 30285                           PO Box 71083                              Houston, TX 77210-4138
Salt Lake City UT 84130-0285             Charlotte, NC  28272-1083


Cavalry Portfolio Services               Cavalry SPV I, LLC                        Cavalry SPV I, LLC
Attn: Bankruptcy                         % Gurstel Law Firm                        PO Box 4252
500 Summit Lake Drive, Suite 400         6681 Country Club Dr                      Greenwich, CT 06831-0405
Vahalla NY 10595-2321                    Golden Valley MN 55427-4601


Central Credit Services, LLC             (p)CONTINENTAL FINANCE COMPANY            Discover Bank
Attn: Bankruptcy                         PO BOX 3220                               Discover Products Inc
9550 Regency Square Blvd, Ste 500 A      BUFFALO NY 14240-3220                     PO Box 3025
Jacksonville FL 32225-8169                                                         New Albany, OH  43054-3025


Discover Financial                       Fairview Health Services                  Finwise Rise
Attn: Bankruptcy                         PO Box 9459                               Attention Bankruptcy
Po Box 3025                              Minneapolis MN 55440-9459                 Po Box 679900
New Albany OH 43054-3025                                                           Dallas TX 75267-9904


Freedom Road Financial                   FreedomRoad Financial c/o Wayfinder BK, LLC   Genesis FS Card
Attn: Bankruptcy                         PO Box 64090                              Attn: Bankruptcy
Po Box 4597                              Tucson, AZ 85728-4090                     Po Box 4477
Oak Brook IL 60522-4597                                                            Beaverton OR 97076-4401


Genesis FS Card Services                 (p)GLOBAL LENDING SERVICES LLC            Gurstel Law Firm, PC
Attn: Bankruptcy                         1200 BROOKFIELD BLVD STE 300              6681 Country Club Drive
Po Box 4477                              GREENVILLE SC 29607-6583                  Golden Valley MN 55427-4601
Beaverton OR 97076-4401


Internal Revenue Service                 LVNV Funding, LLC                         MN Dept of Revenue
Centralized Insolvency                   Resurgent Capital Services                Attn: Denise Jones
PO Box 7346                              PO Box 10587                              PO Box 64447
Philadelphia PA 19101-7346               Greenville, SC 29603-0587                 Saint Paul MN 55164-0447
```

| | | |
|---|---|---|
| Messerli & Kramer<br>3033 Campus Drive<br>Suite 250<br>Plymouth MN 55441-2662 | Midland Credit Management<br>16 McLeland Rd<br>Saint Cloud MN 56303-2198 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| Midland Funding/Midland Credit Mgmt<br>Attn: Bankruptcy<br>Po Box 939069<br>San Diego CA 92193-9069 | Midland Mortgage Co<br>Attn: Customer Service/Bankruptcy<br>Po Box 26648<br>Oklahoma City OK 73126-0648 | NCB Management Services<br>Attn: Bankruptcy<br>1 Allied Drive<br>Feasterville-Trevose PA 19053-6945 |
| NetCredit<br>Attn: Bankruptcy<br>175 W. Jackson Blvd, Ste 1000<br>Chicago IL 60604-2863 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville IN 47731-3251 | OppLoans<br>Attn: Bankruptcy<br>One Prudential Plaza, 130 E Randolph St,<br>Chicago IL 60601 |
| PayDay America<br>181 River Edge Circle<br>Burnsville MN 55337-1627 | Payday America, Inc<br>181 River Ridge Cir S<br>Burnsville, MN 55337-1627 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>CKS Prime Investments LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>Genesis FS Card Services Inc<br>PO Box 788<br>Kirkland, WA 98083-0788 | Riverview Law Office<br>PO Box 570<br>Sauk Rapids MN 56379-0570 |
| Sallie Mae, Inc<br>Attn: Bankruptcy<br>Po Box 9500<br>Wilkes Barre PA 18773-9500 | True Accord<br>16011 College Blvd, Ste 130<br>Lenexa, KS 66219-9877 | (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>477 MICHIGAN AVE #1600<br>DETROIT MI 48226-2564 |
| US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | Velocity Investments, Llc<br>Attn: Bankruptcy<br>1800 Route 34n, Suite 305<br>Wall NJ 07719-9146 | Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX 77210-4457 |
| Amanda M. Rosback<br>LifeBack Law Firm, PA<br>13 -7th Avenue South<br>Saint Cloud, MN 56301-4259 | Andrew Michael Caldwell<br>16791 165th Street NE<br>Foley, MN 56329-9249 | Chelsea Renee Eighner<br>16791 165th Street NE<br>Foley, MN 56329-9249 |
| Kyle Carlson<br> Chapter 13 Trustee<br>PO Box 519<br>Barnesville, MN 56514-0519 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Continental Finance Co | Global Lending Services LLC | (d)Global Lending Services LLC |
|---|---|---|
| Attn: Bankruptcy | 1200 Brookfield Blvd Ste 300 | Attn: Bankruptcy |
| 4550 Linden Hill Rd, Ste 4 | Greenville, South Carolina 29607 | Po Box 10437 |
| Wilmington DE 19808 | | Greenville SC 29603 |
| Portfolio Recovery Associates, LLC | (d)Portfolio Recovery Associates, LLC | U.S. Department of Housing and Urban Develop |
| Attn: Bankruptcy | c/o Synchrony Bank | 77 West Jackson Boulevard |
| 120 Corporate Boulevard | POB 41067 | Chicago, IL 60604 |
| Norfolk VA 23502 | Norfolk VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)MidFirst Bank
999 NW Grand Boulevard
Oklahoma City , OK 73118-6051

End of Label Matrix
Mailable recipients    54
Bypassed recipients     1
Total                  55

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                                     Case No. **23-50075**

**Chelsea Renee Eighner**
**Andrew Michael Caldwell**
Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 05/04/2023

X *Chelsea Renee Eighner*
Signature of Debtor1 or Authorized Representative

**Chelsea Renee Eighner**
Printed Name of Debtor 1 or Authorized Representative

X *Andrew Michael Caldwell*
Signature of Debtor 2

**Andrew Michael Caldwell**
Printed Name of Debtor 2